UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESUS LULE-ARREDONDO, | NO. C14-987-RSL-JPD |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| ERIC H. HOLDER, | |
| Respondent. | |

## INTRODUCTION

Jesus Lule-Arredondo filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241, challenging his continued detention by U.S. Immigration and Customs Enforcement ("ICE") and the sufficiency of the bond hearing he received on July 14, 2014. *See* Dkt. 8. Respondent argues the petition should be dismissed because petitioner's current detention is statutorily required. Dkt. 14. For the reasons discussed below, the Court agrees that petitioner's current detention is mandated by statute and additionally finds no constitutional or legal deficiency in petitioner's bond hearing. Therefore, the Court recommends that respondent's motion to dismiss be granted, petitioner's habeas petition be denied, and the case be dismissed.

REPORT AND RECOMMENDATION - 1

# BACKGROUND

Petitioner is a native and citizen of Mexico, who is currently detained at the Northwest Detention Center in Tacoma, Washington. Dkts. 8 & 15-1. Petitioner entered the United States without inspection in 1999 at or near Nogales, Arizona. Dkt. 15-1. In 2011, petitioner was arrested for numerous criminal violations and subsequently convicted with Driving Under the Influence of Intoxicants, Criminal Driving While Suspended or Revoked, and Recklessly Endangering Another Person. Dkt. 15-2. He was sentenced to 36 months of prison and two years of probation. *Id.* While petitioner was in jail, the Department of Homeland Security issued an immigration detainer so that he would be transferred directly to federal custody upon his release. Dkt. 15-3.

On September 23, 2013, ICE took custody of petitioner and served him with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A), for arriving in the United States at or near and unknown location and without being admitted or paroled. Dkts. 15-4 & 15-5. The same day, ICE made an initial custody determination to continue petitioner's detention. Dkt. 15-6.

On March 25, 2014, an Immigration Judge ("IJ") ordered petitioner removed to Mexico after denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture. Dkt. 15-7. Petitioner timely appealed to the Board of Immigration Appeals ("BIA"). Dkt. 15-8.

On May 8, 2014, an IJ granted petitioner a bond hearing and denied bond, finding him to be a danger to the community and a flight risk. Dkt. 15-9. Petitioner appealed the decision to the BIA. Dkt. 15-10. On July 14, 2014, petitioner was granted a bond redetermination hearing. Dkt. 15-11. In a written decision, the IJ considered all of the evidence in the record and the factors set forth in *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006), and found that

REPORT AND RECOMMENDATION - 2

petitioner did not meet his burden of showing that he does not present a danger to the community. *Id.* at 4-6. Specifically, the IJ pointed to the fact that petitioner has been convicted for four DUIs since 2001, the most recent of which also involved reckless endangerment of the two children who were in the car and resulted in a 25-month sentence. *Id.*

On September 16, 2014, the Board of Immigration Appeals dismissed petitioner's appeal and affirmed the IJ's removal order. Dkt. 15-12.

## DISCUSSION

A. <u>Petitioner's current detention is mandatory under 8 U.S.C. § 1231(a)(2)</u>

Pursuant to 8 U.S.C. § 1231(a), the Attorney General is required to detain an alien during the "removal period." 8 U.S.C. § 1231(a)(2). The removal period is the 90-day period that begins on the latest of the following: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). The Attorney General may also detain certain aliens beyond the removal period, as provided in 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court determined that the government is entitled to a presumptively reasonable period of detention of six months to bring about an alien's removal from the United States. *Id.* at 701. After this six-month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* The Ninth Circuit has further determined that an alien held for a prolonged period of time pursuant to § 1231(a)(6)—generally six months—is entitled to a bond hearing before an IJ and is entitled to be released from detention unless the government establishes that the alien poses a danger to the

REPORT AND RECOMMENDATION - 3

community or a flight risk.  *Diouf v. Napolitano*, 634 F.3d 1081, 1086, 1091-92, 1092 n. 13 (9th Cir. 2011).

Here, petitioner's order of removal became final on September 16, 2014, when the BIA dismissed his appeal.  *See* 8 U.S.C. § 1101(a)(47)(B) (order of removal becomes final when affirmed by the BIA).  Thus petitioner is subject to mandatory detention until the expiration of the removal period on or about December 14, 2014.  The six-month presumptively reasonable period will expire on or about March 16, 2015.  As petitioner's current detention is lawful, the Court must deny habeas relief at this time.  *See* 28 U.S.C. § 2241(c)(3) (habeas relief appropriate when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States").  Should petitioner's detention continue past the six-month presumptively reasonable period, he may file a new habeas petition and obtain review.  At that time, however, he must show either that he has not received a bond hearing where the government had the burden of justifying his continued detention, *see Diouf*, 634 F.3d at 1086, or that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," *Zadvydas*, 533 U.S. at 701.

B.  <u>Petitioner's challenge to his July 14, 2014 bond determination fails</u>

The central arguments petitioner raises in his habeas petition relate to the IJ's denial of bond at his July 14, 2014 bond hearing.  *See* Dkt. 8.  He argues that he holds a due process right to be given a bond pending the outcome of his proceedings.  He challenges the factors that IJ's apply in determining whether to grant bond.  He further contends that immigration detainees are held without bond in situations where criminal defendants are granted a bond and that IJs should set bond at a level that will ensure the immigration detainee returns for a hearing and for removal if necessary.

REPORT AND RECOMMENDATION - 4

In general, a district court may review bond hearing determinations for constitutional claims and legal error. *See Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011). Here, the Court finds neither. At the time petitioner received his bond hearing, he was detained pursuant to 8 U.S.C. § 1226(a), which authorizes the Attorney General to continue the detention of arrested aliens or release them on bond or conditional parole. Despite petitioner's claim that his detention without bond violates the Constitution, courts have routinely upheld the constitutionality of prolonged—but not indefinite—detention in the immigration context, so long as the detention comports with procedural due process. *See, e.g.*, *Prieto-Romero v. Clark*, 534 F.3d 1053, 1062-63 (9th Cir. 2008). Procedural due process was satisfied in this case because petitioner received a bond hearing where the IJ properly placed the burden on petitioner and applied the factors set forth in *Matter of Guerra*, 24 I&N Dec. at 40. *See Prieto-Romero*, 534 F.3d at 1066 (finding that the *Guerra* factors should be considered in bond hearings pursuant to § 1226(a)). Moreover, to the extent petitioner challenges the IJ's discretionary judgment, the Court is without jurisdiction to consider these claims. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."); *see also Prieto-Romero*, 534 F.3d at 1058 ("[A]lien may appeal the IJ's bond decision to the BIA, *see* 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not subject to judicial review, *see* § 1226(e).").

## CONCLUSION

Based on the foregoing, the Court recommends that respondent's motion to dismiss (Dkt. 14) be GRANTED, petitioner's habeas petition (Dkt. 8) be DENIED, and this matter be DISMISSED. A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION - 5


Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **December 8, 2014**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 12, 2014.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 17th day of November, 2014.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6